IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derekee Montez Johnson, # 1456736, <br><br> Plaintiff, <br><br> v. <br><br> The State of South Carolina, <br><br> Defendant. | C/A No. 0:20-cv-0164-JFA-BM <br><br><br> **ORDER** |

     Plaintiff, Derekee Montez Johnson, # 1456736, a self-represented prisoner, brings this action alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

     Plaintiff filed his complaint on January 16, 2020. (ECF No. 1). By order dated February 18, 2020, the Magistrate Judge provided Plaintiff the opportunity to file an amended complaint to correct deficiencies identified by the court which would warrant summary dismissal. (ECF No. 6). Plaintiff failed to file an amended complaint or otherwise correct the deficiencies.

     After reviewing the complaint and specifically advising Plaintiff of deficiencies in his pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 8). Within the Report, the Magistrate Judge opines

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

that this action be dismissed without prejudice in accordance with Federal Rule of Procedure 41. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on March 30, 2020. *Id.* The Magistrate Judge required Plaintiff to file objections or otherwise correct the previously identified deficiencies by April 13, 2020. *Id.* Plaintiff failed to file objections or otherwise address the deficiencies in his complaint. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that the Plaintiff's action should be dismissed for failure to prosecute.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

(ECF No. 8). Consequently, this matter is summarily dismissed without prejudice pursuant to Federal Rule of Procedure 41(b).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

April 23, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

3